The document below is hereby signed.

Signed: March 25, 2020



S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
COLICCHIO A PROCTOR,           )    Case No. 20-00019
                               )    (Chapter 7)
              Debtor.          )
```

MEMORANDUM DECISION AND ORDER STRIKING REAFFIRMATION
AGREEMENT BETWEEN DEBTOR AND NATIONSTAR MORTGAGE, LLC

On February 14, 2020, someone filed a reaffirmation agreement between the debtor and Nationstar Mortgage, LLC. The agreement is defective and must be stricken. The agreement lacks page 1 of the Official Form B 2400A. Moreover, the agreement has not been signed by the creditor and thus is not an agreement at all. Even if the agreement included page 1 and were signed by the creditor, the agreement would not be enforceable.

The agreement would not be enforceable because it lacks the disclosure of information required as part of Part II.C.1 regarding income and expenses needed to determine whether there is a presumption of undue hardship, information specifically required by § 524(k)(6)(A). For example, it does not disclose an amount in item d. ("Amount of monthly payment required for this

reaffirmed debt $_____$"). Under 11 U.S.C. § 524(c)(2), a reaffirmation agreement is enforceable only if the debtor received the disclosures described in § 524(k).

> Section 524(k)(1) provides:
>
> **The disclosures required under subsection (c)(2) shall consist of the** disclosure statement described in paragraph (3), completed as required in that paragraph, together with the agreement specified in subsection (c), **statement**, declaration, motion and order **described, respectively, in paragraphs (4) through (8),** and shall be the only disclosures required in connection with entering into such agreement.

(Emphasis added.) In other words, the statement required by § 524(k)(6) is part of the disclosures required under § 524(c)(2). Even though the debtor makes the statement, providing the information elicited, the statement nevertheless is a required disclosure to be made to the debtor. By filling out the elicited information, this results in a self-disclosure to the debtor showing the debtor whether the debtor has sufficient income, after expenses, to make the payments required by the reaffirmation agreement. Because the statement was not made, the debtor has not obtained one of the disclosures required by § 524(k), with the result that § 524(c)(2) makes the agreement unenforceable.

In addition, the lack of the required information elicited in part II.C.1 deprives the court of a disclosure of whether there is a presumption of undue hardship with respect to the agreement. That frustrates the court's ability readily to set a

hearing within the 60-day window of under 11 U.S.C. § 524(m) to address any presumption of undue hardship, and timely to disapprove the reaffirmation agreement if the presumption is not rebutted.[1]

For all of these reasons, it is

ORDERED that the debtor's reaffirmation agreement with Nationstar Mortgage, LLC (Dkt. No. 20) is STRICKEN, and the hearing set for April 2, 2020, regarding the reaffirmation agreement is CANCELED.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.

---

[1] The debtor's schedules reflect that the debtor has negative disposable income of -$1,360.00, and even if some of the debtor's expenses have been eliminated the schedules suggest that there indeed is an undue hardship and that it is unlikely that the presumption can be rebutted.